UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
WILLIAM HENNESSY, *by and through his*
*Guardian, Josephine Hennessy*,

                    Plaintiff,

    -against-

CARRIE'S HOSPITALITY LLC d/b/a ELDER
GREENE and 87 KENT ST LLC,

                 Defendants.
------------------------------------------------------------------ x

**REPORT & RECOMMENDATION**

22-CV-833 (CBA)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

        Plaintiff William Hennessy ("Plaintiff" or "Hennessy"), through his guardian Josephine Hennessy ("Ms. Hennessy"), sued Defendants Carrie's Hospitality LLC d/b/a Elder Greene and 87 Kent St LLC for alleged failures to comply with federal and state law related to public accommodations, including Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law, N.Y. Exec. L. § 296; the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rts. L. § 40, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-107. (*See generally* Compl., ECF No. 1.)[1]  Before the Court is Plaintiff's motion for approval of infant compromise, pursuant to Local Civil Rule 83.2(a).  (ECF No. 10.)  The Honorable Carol Bagley Amon referred the motion for report and recommendation.  For the reasons stated below, the Court

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination ("___ of ___") in the ECF header unless otherwise noted.

1

respectfully recommends that the motion should be **granted**. The Court further respectfully recommends entry of an amended proposed compromise order, attached as Exhibit 1.

**I.      BACKGROUND²**

As alleged in the Complaint, Plaintiff, a resident of Brooklyn, is 36 years old and was born with cerebral palsy with spastic quadriplegia. (Compl., ECF No. 1 ¶¶ 5–6; Hennessy Aff., ECF No. 11 ¶ 2.) Due to his medical conditions, Plaintiff's mobility is limited and he uses a wheelchair. (Compl., ECF No. 1 ¶ 6; Hennessy Aff., ECF No. 11 ¶ 2.) Ms. Hennessy is Plaintiff's legal guardian pursuant to Article 17-A of the New York Surrogate's Court Procedure Act ("SCPA") and is authorized to make all medical and financial decisions on Plaintiff's behalf. (*See* Hennessy Aff., ECF No. 11 ¶ 1; Levy Aff., ECF No. 12 ¶ 6.)

In or about January 2022, Plaintiff and Ms. Hennessy attempted to enter and patronize a restaurant owned and operated by Defendants in Brooklyn. (Compl., ECF No. 1 ¶ 16; Hennessy Aff., ECF No. 11 ¶ 3.) Plaintiff alleges that he encountered "[n]umerous architectural barriers" at the premises, including an inaccessible entrance, dining tables, and bathroom. (Compl., ECF No. 1 ¶¶ 12, 21.) According to Plaintiff, because Defendants failed to comply with relevant building standards, he could not access Defendants' place of public accommodation. (*Id.* ¶ 19.)

In February 2022, Plaintiff initiated this lawsuit alleging disparate treatment and disparate impact based on his disability and seeking injunctive and monetary relief. (*See*

---

² The Court relies on the Complaint (ECF No. 1) and Plaintiff's submissions: an affidavit by Josephine Hennessy (ECF No. 11) ("Hennessy Aff."), an affidavit by Gabriel A. Levy (ECF No. 12) ("Levy Aff."), counsel's retainer agreement with Plaintiff (ECF No. 13,), a letter from Michael O'Dell, M.D. (ECF No. 14), a letter from Gabriel A. Levy regarding attorneys' fees (ECF No. 15) ("Levy Ltr."), a proposed settlement agreement and release (ECF No. 16), and a proposed compromise order (ECF No. 17).

*generally id.*)   The summons and complaint were served in March 2022.  (ECF Nos. 6–7.) On June 1, 2022, Plaintiff filed a notice of settlement-in-principle, and on June 29, 2022, a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (ECF Nos. 8–9.)  Judge Amon referred the stipulation for review as to whether the requirements under Local Civil Rule 83.2(a)(1), governing actions "by or on behalf of an infant or incompetent," are satisfied.  (July 1, 2022 Order.)

In response to an additional Court order, Plaintiff submitted a motion for approval of infant compromise.  (ECF Nos. 10–17.)  Judge Amon referred the motion for report and recommendation.  (Mar. 8, 2023 Order.)  This Court held a fairness hearing on April 26, 2023, with Plaintiff, his counsel, and Ms. Hennessy.  (Apr. 26, 2023 Minute Entry; Tr., ECF No. 18.) Defendants did not appear at the hearing and have not appeared in the case to date.  (Tr., ECF No. 18 at 3:5–13, 5:16–18.)

## II.   **LEGAL STANDARD**

"An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the court embodied in an order, judgment or decree."  Local Civ. R. 83.2(a)(1).  Courts "shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee . . . after due inquiry[.]" Local Civ. R. 83.2(a)(2).  Courts apply the same standard to review settlements on behalf of incompetents and settlements of minors' claims.  *See Camac v. Long Beach City Sch. Dist.*, No. 09-CV-5309 (MKB)(GRB), 2012 WL 3277228, at *4 & n.4 (E.D.N.Y. July 25, 2012) ("*Camac I*"), *adopted by* 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013) ("*Camac II*").

The Court has broad discretion to approve or disapprove the compromise of an incompetent's claims.  *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham,*

3

*Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010). "In exercising its discretion, the district court's focus is to 'determin[e] whether a proposed settlement is fair, reasonable, and adequate,' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)). "The court must 'form an educated estimate of the complexity, expense, and likely duration of such litigation.'" *Z.H.W. v. United States*, No. 12-CV-3912 (RJD)(ST), 2020 WL 813637, at *2 (E.D.N.Y. Feb. 19, 2020) (quoting *Martegani v. Cirrus Design Corp.*, 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010)). "In determining an infant compromise motion, the court considers the litigation risks, but does not 'decide the merits of the case or resolve unsettled legal questions.'" *Rodney v. City of New York*, No. 13-CV-6179 (RRM)(VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015) (quoting *Vitucci v. Winthrop Univ. Hosp.*, No. 12-CV-4328 (DRH)(GRB), 2014 WL 4659274, at *4 (E.D.N.Y. Sept. 17, 2014)).

"'A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently.'" *Black v. Dain*, No. 16-CV-01238 (CBA)(ST), 2021 WL 1146559, at *1 (E.D.N.Y. Mar. 9, 2021), *adopted by* 2021 WL 1146041 (E.D.N.Y. Mar. 25, 2021) (quoting *Camac I*, 2012 WL 3277228, at *4). "In addition, courts in this district and in New York[] state afford 'a certain amount' of deference to the guardian's opinion that the settlement is fair." *Camac II*, 2013 WL 991355, at *2 (collecting cases).

A court "proceeding upon an application to settle or compromise . . . an action shall conform, as nearly as may be, to the New York State statutes and rules." Local Civ. R.

4

83.2(a)(1). Pursuant to New York State law, a party's guardian and attorney must "make representations to the Court concerning, *inter alia*, the terms of the settlement, the circumstances giving rise to the action or claim, the extent of the damages sustained by the infant as documented in medical or hospital records, and reasons for recommending the settlement." *Camac I*, 2012 WL 3277228, at *5 (citing N.Y. C.P.L.R. § 1208); *see also Poventud v. Devereux Found.*, 102 N.Y.S.3d 860, 862 (N.Y. Sup. Ct. 2019) (applying N.Y. C.P.L.R. §§ 1206–1208 to settlement involving plaintiff with Article 17-A guardian).

Notwithstanding these requirements, "Rule 83.2 is hardly a rigid obligation imposed on district courts." *Neilson*, 199 F.3d at 654. "[T]he court, for cause shown, may dispense with any New York State requirement." Local Civ. R. 83.2(a)(1); *see also Black*, 2021 WL 1146559, at *2 (forgoing infant compromise hearing; necessary information was available from documents and affidavits submitted in support of motion for settlement approval).

### III.  DISCUSSION

#### A.  The Proposed Settlement is Fair and Reasonable

Under the terms of the proposed settlement agreement, Defendants agree to several remediation measures[3] and to pay Plaintiff $5,000 for litigation costs and attorneys' fees. (Levy Aff., ECF No. 12 ¶ 7; Proposed Order, ECF No. 17 at 1–2.)[4] In addition to a proposed compromise order, Plaintiff submits affidavits from Ms. Hennessy and counsel and a letter from Plaintiff's treating physician regarding his medical condition, all of which comply with

---

[3] While Defendants agree to repair the restaurant "within a period of six (6) months" (Proposed Order, ECF No. 17 at 1), it is unclear when this remediation period begins.

[4] The Court edited the proposed Compromise Order, including amending the signature block and correcting typos.

5

the requirements of N.Y. C.P.L.R. § 1208. (ECF Nos. 11–12, 14, 17.) As described below, the proposed settlement is fair and reasonable.

### 1. *Plaintiff's Guardian and Counsel Agree that the Settlement is Fair and Reasonable*

Plaintiff's guardian and counsel agree that the proposed settlement is in Plaintiff's best interests, which supports a finding of reasonableness. *See Black*, 2021 WL 1146559, at *2 ("Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference.") In her sworn affidavit, Ms. Hennessy explains that the proposed remediations will reasonably accommodate Plaintiff's disability and will permit her and Plaintiff to patronize the restaurant "free of discrimination, as any abled member of the general public may." (Hennessy Aff., ECF No. 11 ¶ 6.) She also avers that "the settlement compensates my counsel for legal fees and costs associated with commencing and settling the matter." (*Id.* ¶ 7; Tr., ECF No. 18 at 7:25–8:4.) As a result, she approves of the terms and conditions of settlement. (Hennessy Aff., ECF No. 11 ¶ 8; *see* Tr., ECF No. 18 at 6:12–16.)

Plaintiff's counsel also considers the settlement fair and reasonable for substantially the same reasons as Ms. Hennessy. (Levy Aff., ECF No. 12 ¶ 7.) Counsel states that the settlement addresses multiple issues that Plaintiff encountered, including an inaccessible main entrance, dining tables that did not permit sufficient wheelchair clearance, and an inaccessible bathroom. (*Id.*) Counsel further explains that the remediation measures include: (1) a portable ramp with conspicuous signage and a buzzer; (2) ADA-compliant dining areas; and (3) in the bathroom, ADA-compliant signage and fixtures. (*Id.*) Counsel further advised that if Plaintiff were to prevail in litigation, the outcome would be substantially the same as the negotiated resolution.

6

(Tr., ECF No. 18 at 9:17–10:3.) Given these facts, counsel believes the settlement is fair and reasonable.

### 2. *The Totality of the Circumstances Supports a Finding of Fairness and Reasonableness*

The Court finds that additional factors support a finding of fairness and reasonableness. First, "the settlement is not collusive but was reached after arm's length negotiation" between counsel "experienced in similar cases[.]" *Black*, 2021 WL 1146559, at *1. While Defendants did not appear in this case, Plaintiff's counsel reports that their attorney began settlement discussions shortly after the Complaint was filed. (Levy Aff., ECF No. 12 ¶ 11; *see* Tr., ECF No. 18 at 3:9–13, 10:12–16.) Further, Plaintiff's counsel has some experience in litigating and negotiating in these ADA actions.[5] The Court notes that formal discovery was not ordered or completed in this case because of the early settlement. However, this likely did not hinder the negotiations, which led to the precise remediation measures Plaintiff needs to access Defendants' restaurant as he pleases. *See Rodney*, 2015 WL 1014165, at *4 (approving settlement where discovery was not concluded because settlement allowed the infant plaintiff to recover for her claims). Indeed, Plaintiff's counsel conducted pre-litigation fact-finding to facilitate negotiations. (Tr., ECF No. 18 at 10:20–11:11.) The record thus shows that the proposed settlement is fair and reasonable, and serves the best interest of Plaintiff.

The Court also finds that Plaintiff faced significant litigation risk if the parties did not reach agreement. Plaintiff's condition "would have created substantial obstacles for [him] at trial, including the risk that [he] would be unable to testify, or to do so with the necessary

---

[5] As of June 9, 2023, counsel has filed over 70 similar cases in this district on Plaintiff's behalf through Ms. Hennessy and asserting the same claims.

lucidity, or to cope with cross-examination." *Neilson*, 199 F.3d at 654. For example, at the motion hearing, Ms. Hennessy confirmed that Plaintiff can understand but is unable to speak and therefore oral testimony would be difficult. (Tr., ECF No. 18 at 11:18–12:5.) Further, "[a]ssuming [Plaintiff] could prevail at trial, any recovery that [he] would receive would necessarily be delayed at least until a trial could be completed." *Neilson*, 199 F.3d at 654. In contrast, with settlement, Plaintiff quickly and efficiently accomplishes his goal of access to the restaurant. (*See* Tr., ECF No. 18 at 6:17–23 (Ms. Hennessy explaining that her goal in seeking remediations was "access . . . for [Plaintiff] to be able to get inside" Defendant's restaurant).)

Importantly, the terms of the proposed settlement compare favorably to the likely rewards of litigation. Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012). Moreover, if Plaintiff had pursued monetary damages for his state and city law claims, the potential awards would not have been substantial. "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where," as here, "complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Hennessy v. 194 Bedford Ave Rest. Corp.*, No. 21-CV-5434 (FB)(RML), 2022 WL 4134502, at *5 (E.D.N.Y. Aug. 8, 2022), *adopted by* 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022). Similarly, violations of the NYSCRL incur statutory damages of $100 to $500 each, but that relief is unavailable to Plaintiff because he did not serve notice on the New York State attorney general before commencing the case. *Hennessy v. Homecoming Williamsburg, Inc.*, No. 21-CV-6352 (CBA)(MMH), 2023 WL 2324594, at *5 (E.D.N.Y. Mar. 2, 2023), *adopted by* 2023 WL

8

2563111 (E.D.N.Y. Mar. 17, 2023). Any punitive damages would require Plaintiff to prove that Defendants acted maliciously, which the record does not reflect. *See Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745 (AMD)(CLP), 2022 WL 837490, at *4 n.4 (E.D.N.Y. Mar. 1, 2022), *adopted by* 2022 WL 837056 (E.D.N.Y. Mar. 21, 2022).[6]

In sum, the parties' structured settlement is comparable to the relief that Plaintiff could have been rewarded if he were to succeed on all claims. *See, e.g.*, *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *8 (under similar facts, entering default judgment and awarding injunctive relief, $1,000 in compensatory damages, and attorney's fees and costs); *Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH)(SMG), 2020 WL 13506214, at *6 (E.D.N.Y. Jan. 28, 2020), *adopted by* Order Adopting Rep. & Recs., *Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH)(SMG) (E.D.N.Y. Mar. 31, 2020) (docket order) (under similar facts, entering default judgment and awarding injunction, $500 in statutory damages, and $1,000 in compensatory damages). Thus, the parties' proposed terms adequately compensate Plaintiff for Defendants' alleged failures to provide public accommodations.

### B. The Requested Attorney's Fees are Reasonable

"Both the ADA and [the NYCHRL] allow a prevailing party to recover reasonable attorney's fees, including litigation costs and expenses." *Florez*, 2022 WL 837490, at *6 (cleaned up). "The starting point for determining the presumptively reasonable fee award is

---

[6] Additionally, if Defendants had filed dispositive motions at the pleadings stage, there is risk that the case would be dismissed for lack of standing. *See Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM)(RML), 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022). Nonetheless, when evaluating a compromise pursuant to Local Civil Rule 83.2, "[t]he Court's fairness inquiry is limited: it need not decide the merits of the case or resolve unsettled legal questions." *C.M. ex rel. P.M. v. Syosset Cent. Sch. Dist.*, No. CV 11-1402 (MKB) (GRB), 2013 WL 5799908, at *6 (E.D.N.Y. Oct. 25, 2013), *adopted sub nom. by C.M. v. Syosset Cent. Sch. Dist.*, No. 11-CV-1402 (MKB), 2013 WL 6157188 (E.D.N.Y. Nov. 22, 2013).

the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 (cleaned up). "To determine a reasonable hourly rate, courts consider market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Homecoming Williamsburg*, 2023 WL 2324594, at *6 (cleaned up). Even where a guardian "has agreed to the amount of fees requested, 'any agreement of the guardian is advisory only,' [] and 'in the last analysis[,] the amount of the fee must be fixed by the court.'" *D.H.S. by Serrano v. United States*, No. 18-CV-983 (PKC)(CLP), 2020 WL 13552067, at *4 (E.D.N.Y. May 15, 2020) (quoting *Werner v. Levine*, 52 Misc. 2d 654, 655 (N.Y. Sup. Ct. 1967)). "A fee applicant bears the burden of demonstrating that the requested hourly rate is reasonable and similar to the rates charged by attorneys of like skill and experience." *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 (cleaned up).

### 1.   *Hourly Rate*

Plaintiff seeks $5,000 in attorney's fees for attorney Gabriel Levy's work. (Proposed Order, ECF No. 17 at 2.) Counsel asserts that his hourly rate of $450 is reasonable given his experience and expertise and the rates awarded in this district. (Levy Ltr., ECF No. 15 at 1 (citing cases).)

As the Court recently noted regarding the same attorney, "the proposed hourly rate is unreasonable given counsel's experience." *Homecoming Williamsburg*, 2023 WL 2324594, at *6. According to counsel, he graduated from law school in 2016 and has practiced alone for the past six years in real estate, New York City Construction and Build Code, and ADA litigation matters. (Levy Ltr., ECF No. 15 at 1.) Counsel states that courts have awarded "between $300–$450 per hour . . . for experienced attorneys in the context of ADA litigation."

10

(*Id.*)  However, [c]ounsel also does not provide examples of cases awarding the same rate to attorneys with **comparable** experience." *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 (emphasis added).  In contrast, courts' awards at the high end of the range are reserved for attorneys with decades of experience.  *See, e.g.*, *Mary Jo C. v. Dinapoli*, No. 09-CV-5635 (SJF)(ARL), 2014 WL 7334863, at *6–7 (E.D.N.Y. Dec. 18, 2014) (awarding $350 to practitioner with 30 years' experience); *cf. 194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 ("[T]he $450 per hour rate is higher than what is typically awarded in this court for 'non-complex' ADA cases.").[7]

Considering counsel's favorable result for his client, the Court finds that a rate of $300 is fair and reasonable consistent with routine ADA cases involving the same Plaintiff, the same counsel, and similar allegations of disability discrimination.  *See, e.g.*, *Homecoming Williamsburg*, 2023 WL 2324594, at *6 (finding $300 hourly rate as fair and reasonable); *see also 194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *7 (in default motion posture, deeming a rate of $275 per hour reasonable where counsel did not include his typical hourly rate charged to clients in other ADA cases).

    **2.**    ***Hours Expended***

Counsel's billing records reflect that as of March 7, 2023, he spent approximately 26.6 hours on this matter.  (Levy Ltr., ECF No. 15 at 4.)  The time entries illustrate that Plaintiff's counsel rendered a variety of legal services relating to settlement for Plaintiff, including communicating with Plaintiff and Ms. Hennessy; coordinating a pre-suit expert inspection and

---

[7] Counsel's conclusory assertion that "my lever [*sic*] of experience has advanced since my previous application for fees" similarly fails to justify an increased hourly rate in this garden-variety ADA case.

11

review of expert report; drafting pleadings; communicating with Defendants and the Court; drafting a settlement agreement; and drafting filings related to the motions for settlement approval. (*Id.*) While some of the entries suggest more time than necessary to complete the given task, overall the number of hours expended are reasonable.[8]

### 3. *Lodestar Crosscheck*

Using an amended $300 hourly rate, and 26.6 hours reasonably expended, the lodestar amount is $7,980. Counsel requests $5,000 in attorney's fees, or approximately .62 times the lodestar amount. (Proposed Order, ECF No. 17 at 2.) Because counsel will recover less than the overall attorney's fees incurred, the Court respectfully recommends an award of $5,000 in attorneys' fees.

### C. Costs

Counsel also seeks $587.75 in costs, including $402 for court filing fees and $185.75 for process server fees. (Levy Ltr., ECF No. 15 at 4.) Plaintiff provides receipts for the process server fees. (*Id.* at 6–7.) While Plaintiff does not provide receipts for the filing fees, "[f]iling fees are recoverable 'without supporting documentation if verified by the docket.'" *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, *6 (quoting *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019)). The docket reflects the filing fee of $402. (*See* Feb. 15, 2022 Docket Entry.) Accordingly, the Court respectfully recommends an award of $587.75 in costs.

---

[8] For example, counsel spent 12 minutes (.2 hours) reviewing a four-sentence docket order referring the initial stipulation of dismissal for review. (Levy Ltr., ECF No. 17 at 4 (7/1/22 entry).)

12

## IV. CONCLUSION

Based on the foregoing, the Court finds that the proposed settlement is fair and reasonable. Accordingly, the Court respectfully recommends that the motion for approval of infant compromise at ECF No. 10, supplemented by ECF Nos. 11 through 17, should be **granted**. The Court further respectfully recommends entry of an amended proposed compromise order, attached hereto as Exhibit 1.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. Plaintiff shall serve a copy of this Report and Recommendation to Defendants and shall file proof of service by **June 13, 2023**.

Within 14 days of service, a party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Amon. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
June 12, 2023

    /s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge