UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WILLIAM HENNESSY, by and through his
Guardian, Josephine Hennessy,
                   Plaintiff,
   -against-

CARRIE'S HOSPITALITY LLC d/b/a ELDER
GREENE and 87 KENT ST LLC,
                   Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
22-cv-833 (CBA) (MMH)

**AMON, United States District Judge:**

       On February 15, 2022, William Hennessy ("Plaintiff"), by and through his guardian Josephine Hennessy ("Ms. Hennessy"), commenced this action against Carrie's Hospitality LLC d/b/a Elder Greene and 87 Kent St LLC ("Defendants"). (ECF Docket Entry ("D.E.") # 1 ("Compl.").) Plaintiff, a resident of Brooklyn, is thirty-seven years old and was born with cerebral palsy with spastic quadriplegia. (Id. ¶¶ 5-6.) Due to his medical conditions, Plaintiff's mobility is limited, and he uses a wheelchair. (Id. ¶ 6.) Ms. Hennessy is Plaintiff's legal guardian pursuant to Article 17-A of the New York Surrogate's Court Procedure Act. (D.E. # 11 ¶ 1.) Plaintiff alleges that Defendants, who operate a restaurant in Brooklyn, failed to comply with federal, state, and city public accommodations law. (Compl. ¶¶ 1-2; ¶¶ 30-45 (Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.); ¶¶ 46-55 (New York State Human Rights Law, N.Y. Exec. Law § 296); ¶¶ 56-69 (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107), ¶¶ 70-72 (New York State Civil Rights Law, N.Y. Civ. Rights Law § 40).)

       Pursuant to a settlement agreement reached with Defendants (the "Settlement Agreement"), Plaintiff filed a notice of voluntary dismissal on June 29, 2022. (D.E. # 9.) The Settlement Agreement requires Defendants to: (1) maintain a portable ramp with conspicuous signage and a buzzer at the main entrance, (2) maintain at least one ADA-compliant dining table

1

during hours of operation, (3) maintain ADA-compliant signage on the restaurant's restroom door, (4) replace the existing restroom doorknob and lock with ADA-compliant hardware, (5) lower the coat hook in the restroom to an ADA-compliant height, (6) maintain a grab bar in the ADA restroom, (7) insulate the pipes under the sink in the restroom, and (8) pay Plaintiff's attorneys' fees and costs. (D.E. # 16 at 2-3.) I referred the notice of dismissal to the Honorable Marcia M. Henry, United States Magistrate Judge, for a determination of whether the parties satisfied the requirements under Local Civil Rule 83.2(a). (Text Entry dated July 1, 2022.) Rule 83.2 provides:

> An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

Local Civil Rule 83.2(a)(1). Following an additional court order, on March 7, 2023, Plaintiff filed a motion for approval of infant compromise pursuant to Local Civil Rule 83.2(a) and submitted accompanying attorney billing records, supplemental affidavits, and the proposed settlement agreement. (See D.E. ## 10-17.) I referred the motion to Magistrate Judge Henry for report and recommendation. (Text Entry dated Mar. 8, 2023.) Magistrate Judge Henry held a fairness hearing on April 26, 2023. (Minute Entry dated Apr. 26, 2023.) Defendants did not appear or otherwise respond to the order scheduling the hearing. (D.E. # 18 ("Hr'g Tr.") 3:5-13, 5:16-18.)

On June 12, 2023, Magistrate Judge Henry issued a report and recommendation, recommending that the parties' Settlement Agreement be approved. (D.E. # 19 (the "R&R") at 2.) Magistrate Judge Henry concluded that the parties' Settlement Agreement is fair and reasonable, noting that Plaintiff's guardian and counsel agree that the proposed settlement is in Plaintiff's best interests because the proposed remediations will reasonably accommodate Plaintiff's disability and will permit Plaintiff and Ms. Hennessy to patronize Defendants' restaurant. (Id. at 5-7.) In

2

addition, the R&R emphasizes that the settlement was not collusive but rather was reached after arm's length negotiation, Plaintiff's counsel is experienced in litigating ADA cases, and the terms of the settlement—which led to the "precise remediation measures Plaintiff needs to access Defendants' restaurant"—compare favorably to the likely rewards of further litigation. (Id. at 7-9.) Finally, Magistrate Judge Henry determined that the requested attorneys' fees and costs—$4,412.25 and $587.75, for a total of $5,000.00—were reasonable.[1] (Id. at 9-14.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Accordingly, Plaintiff's Motion for Approval of Infant Compromise (D.E. # 10) is GRANTED. Plaintiff's counsel is awarded $4,412.25 in attorneys' fees and $587.75 in costs.

SO ORDERED.

Dated: January 16, 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[1] Counsel requested fees of $4,412.25. Magistrate Judge Henry found that Plaintiff's counsel's proposed hourly rate of $450 was unreasonable given counsel's relatively limited post-law school experience. (R&R at 10.) Magistrate Judge Henry then used an amended $300 hourly rate to calculate the "lodestar amount," which is the product of a reasonable hourly rate and the reasonable number of hours by the case (here, 26.6 hours). (Id. at 12.) The "lodestar amount" using this amended hourly rate is $7,980, less than counsel's request. (Id.) Magistrate Judge Henry determined that the total amount of counsel's requested fees was reasonable because even using the reduced $300 hourly rate, "counsel will ultimately recover less than the overall fees incurred." (Id. at 12.)